UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLIE HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2915** |
| **ROBERT C. TANNER, WARDEN** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court are Petitioner Charlie Holmes's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that the Court dismiss the petition on the merits.[4] Petitioner objects to the recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 14.

[3] Rec. Doc. 3.

[4] Rec. Doc. 14.

[5] Rec. Doc. 15.

1

## I. Background

*A. Factual Background*

On December 13, 2007, Petitioner was charged by Bill of Information in Orleans Parish Criminal District Court with possession of cocaine in the amount of 28 to 200 grams.[6] On April 26, 2011, a jury found Petitioner guilty as charged.[7] On June 23, 2011, the state trial court sentenced Petitioner to twenty years imprisonment at hard labor.[8] The same day, the state trial court adjudicated Petitioner a multiple offender, vacated the original sentence, and re-sentenced Petitioner to the same term of twenty years imprisonment at hard labor.[9]

On March 29, 2012, Petitioner submitted his first state court application for post-conviction relief, requesting an out of time appeal.[10] After Petitioner obtained mandamus relief from the Louisiana Fourth Circuit Court of Appeals,[11] the trial court denied the post-conviction application without stated reasons on September 17, 2012.[12] On review of that ruling, the Louisiana Fourth Circuit granted Petitioner's writ application in part on October 22, 2012, and remanded the matter to the trial court to grant the out of time appeal.[13] On August 28, 2013, after Petitioner was granted

---

[6] State Rec., Vol. I of III, Bill of Information, Dec. 13, 2007.

[7] State Rec., Vol II of III, Jury Verdict, Apr. 26, 2011.

[8] State Rec., Vol. II of III, Sentencing Transcript, Jun. 23, 2011.

[9] *Id.*

[10] State Rec., Vol. II of III, Application for Post-conviction Relief, Mar. 29, 2012.

[11] State Rec., Vol. II of III, Louisiana 4th Circuit Order, 12-K-1241, Sept. 12, 2012.

[12] State Rec., Vol. I of III, Minutes Entry, Sept. 17, 2012.

[13] State Rec., Vol. II of III, Louisiana 4th Circuit Order, 12-K-1475, Oct. 22, 2012.

an out of time appeal, the Louisiana Fourth Circuit affirmed Petitioner's conviction and sentence.[14] Petitioner did not seek review of this ruling before the Louisiana Supreme Court.

Petitioner submitted an application for post-conviction relief to the state trial court on June 24, 2014.[15] On September 28, 2014, Petitioner sought mandamus relief before the Louisiana Fourth Circuit.[16] The Louisiana Fourth Circuit denied the application on November 19, 2014, because the writ was not filed with the state trial court.[17] On January 16, 2015, the trial court denied Petitioner's application for post-conviction relief, because he failed to provide supporting evidence.[18]

On December 17, 2014, prior to receiving the denial of his application, Petitioner filed another writ of mandamus application with the Louisiana Fourth Circuit seeking to compel the state trial court to rule on his post-conviction application.[19] On February 5, 2015, the Louisiana Fourth Circuit granted the writ application for the limited purpose of transferring the post-conviction application to state trial court for consideration if that court had not already done so.[20] On April 24, 2015, the state trial court then entered an order stating that it had already ruled on Petitioner's post-conviction application.[21]

---

[14] State Rec., Vol II of III, Louisiana Fourth Circuit Opinion, Aug. 28, 2013 (finding no errors at trial, but noting an error in sentencing that would self-correct as a matter of law).

[15] State Rec., Vol III of III, Application for Post-Conviction Relief, dated June 24, 2014.

[16] State Rec., Vol III of III, Writ Application, Sept. 28, 2014.

[17] State Rec., Vol III of III, 4th Cir. Order, Nov. 19, 2014.

[18] State Rec., Vol I of III, Minutes Entry, Jan. 16, 2015.

[19] State Rec., Vol III of III, 4th Cir. Writ Application, Jan 29, 2015.

[20] State Rec., Vol III of III, 4th Cir. Order, Feb. 5, 2015.

[21] State Rec., Vol I of III, Minutes Entry, Apr. 24, 2015.

On February 2, 2015, Petitioner submitted a writ application to the Louisiana Fourth Circuit requesting review of the state trial court's January 16, 2015 ruling denying post-conviction relief.[22] On March 26, 2015, the Louisiana Fourth Circuit denied the writ application.[23] On January 25, 2016, the Louisiana Supreme Court also denied Petitioner's related writ application.[24]

On May 2, 2016, Petitioner filed the instant federal habeas corpus petition in this Court.[25] In the application, Petitioner asserts the following grounds for relief: (1) his Fifth Amendment rights were violated when the prosecutor made indirect reference to Petitioner's failure to testify at trial; (2) his appellate counsel was ineffective for failing to present a viable claim to the appellate court that the prosecutor prejudiced the case with impermissible argument; and (3) his trial counsel was ineffective for failing to call witnesses and present a defense.[26] On June 10, 2016, the State filed a response to Petitioner's habeas corpus application.[27] The State argued that the petition was not timely filed.[28] Alternatively, the State argued that Petitioner's Fifth Amendment claim is not exhausted and is procedurally barred from federal review because it differs from the argument presented to the state courts, or that Petitioner's claims lack merit.[29]

---

[22] State Rec., Vol III of III, 4th Cir. Writ Application, Mar. 3, 2015.

[23] State Rec., Vol III of III, 4th Cir. Order, Mar. 26, 2015.

[24] See *State ex rel. Holmes v. State*, 184 So.3d 1 (La. 1/25/16).

[25] Rec. Doc. 3.

[26] *Id.*

[27] Rec. Doc. 7.

[28] *Id.* at 6–10.

[29] *Id.* at 10–23.

## B. Report and Recommendation Findings

The Magistrate Judge recommends that the petition be dismissed with prejudice.[30] As an initial matter, the Magistrate Judge rejected the State's arguments that Petitioner's application was not timely filed.[31] Furthermore, the Magistrate Judge determined that it was unnecessary to resolve the State's argument that Petitioner's Fifth Amendment claim was unexhausted because the claim could be disposed of on the merits.[32] Accordingly, the Magistrate Judge proceeded to consider the merits of Petitioner's claims.[33]

First, the Magistrate Judge found Petitioner's claim, that his Fifth Amendment rights were violated when the prosecutor made indirect reference to Petitioner's failure to testify, unavailing.[34] The Magistrate Judge noted that the prosecutor made the following statement: "Also if you remember in opening statements, the defense counsel said that the defendant was being harassed by the police. If you are going to be harassed by the police—well first, he didn't show any of that."[35] Petitioner argued that this comment violated his Fifth Amendment rights because it indirectly referenced his failure to testify at trial, and that the state trial court erred when it did not declare a mistrial on the issue.[36] The Magistrate Judge determined that the question of whether the state trial court erred in its application of state law is not a cognizable issue for federal habeas

---

[30] Rec. Doc. 14.

[31] *Id*. at 10–18.

[32] *Id*. at 19–20.

[33] *Id*. at 20–42.

[34] *Id*. at 23–28.

[35] *Id.* at 23 (citing State Rec., Vol. II of III, Trial Transcript at 32, Apr. 26, 2011).

[36] *Id.*

5

review.[37] As for Petitioner's argument that the prosecutor's comment violated Petitioner's right against self-incrimination under the Fifth Amendment, the Magistrate Judge noted that the comment must be considered in light of the context in which it was made.[38] The Magistrate Judge determined that a plain reading of the prosecutor's comment in context indicated that the comment was a general reference to the lack of evidence provided to support defense counsel's allegation of police harassment, not that the prosecutor intended to comment on Petitioner's decision not to testify at trial.[39] Moreover, the Magistrate Judge determined that nothing in the record indicated that the jury necessarily took the prosecutor's comment as a reference to Petitioner's failure to testify.[40] Therefore, the Magistrate Judge found that the prosecutor's comment did not violate Petitioner's Fifth Amendment rights.[41]

Next, the Magistrate Judge rejected Petitioner's claim that his appellate counsel was ineffective because she failed to argue that the prosecutor made an improper reference to Petitioner's failure to testify.[42] The Magistrate Judge noted that appellate counsel is not required to assert every non-frivolous grounds for appeal available,[43] but rather is entitled to select among them in the exercise of professional judgement in order to maximize the likelihood of success on

---

[37] *Id.* at 24 (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994)).

[38] *Id.* (citing *United States v. Delgado*, 672 F.3d 320, 335 (5th Cir. 2012); *Hernandez v. Thaler*, 440 F. App'x 409, 416 (5th Cir. 2011)).

[39] *Id.* at 27.

[40] *Id*.

[41] *Id*.

[42] *Id.* at 31.

[43] *Id.* (citing *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1998)).

6

appeal.[44] Because Petitioner had not established that a Fifth Amendment violation occurred, the Magistrate Judge determined that Petitioner's appellate counsel did not perform deficiently in failing to raise the issue on appeal.[45] Therefore, the Magistrate Judge found that the state courts' denial of relief on this issue was not contrary to or an unreasonable application of Supreme Court law.[46]

Finally, the Magistrate Judge rejected Plaintiff's claim that his trial counsel was ineffective for failing to call known witnesses, present a defense, or allow Petitioner to testify at trial.[47] The Magistrate Judge noted that to prevail on an uncalled witnesses claim, a petitioner must name the witness, show that the witness was able to testify and would have done so, set out the content of the witnesses proposed testimony, and show that the testimony would have been favorable to a specific defense.[48] The Magistrate Judge noted that while Petitioner named the witnesses and made a claim as to what their testimony would be, no evidence in the record supported his assertion as to the content of their testimony, their availability to testify, or that their testimony would materially differ from the testimony of the police officers in the case.[49] As a result, the Magistrate Judge found that Petitioner failed to establish that counsel's failure to call witnesses was deficient or otherwise prejudicial.[50] Furthermore, the Magistrate Judge found that Petitioner's claim that he was prevented from testifying at trial was conclusory, unsupported by evidence, and failed to

---

[44] *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).

[45] *Id.* at 34.

[46] *Id.*

[47] *Id.* at 34–41.

[48] *Id.* at 35 (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

[49] *Id.* at 35–36.

[50] *Id.* at 37.

7

demonstrate that counsel actually prevented Petitioner from testifying, and that therefore, denial of relief by the state courts on this issue was not contrary to or an unreasonable application of Supreme Court law.[51]

## II. Objections

### A.  *Petitioner's Objections*

Petitioner raises three objections to the Magistrate Judge's Report and Recommendation.[52] First, Petitioner asserts that the Magistrate Judge failed to recognize the violation of Petitioner's Fifth Amendment rights because the Magistrate Judge employed an overly narrow interpretation of the Supreme Court's decision in *Griffin v. California* and failed to appreciate the true manifest intent and character of the prosecutor's comment.[53] Second, Petitioner argues that his appellate counsel should have raised the Fifth Amendment issue on appeal, because the prosecutor's comment was a violation of his Fifth Amendment rights.[54] Third, Petitioner contends that the Magistrate Judge failed to appreciate that the gravity of trial counsel's failure to call witnesses or present a defense was severe enough as to violate Petitioner's constitutional rights.[55]

### B.  *State's Response*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

---

[51] *Id.* at 37, 41.

[52] Rec. Doc. 15.

[53] *Id.* at 2–4.

[54] *Id.* at 4–5.

[55] *Id.* at 5.

### III. Standard of Review

*A.     Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[56] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[57] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[58]

*B.     Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[59] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[60] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

---

[56] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[57] Fed. R. Civ. P. 72(b)(3).

[58] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[59] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[60] 28 U.S.C. § 2254(d)(2).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[61]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[62]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[63] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[64]

However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[65] Instead, claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[66]

---

[61] 28 U.S.C. § 2254(d)(1).

[62] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[63] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[64] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[65] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[66] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

## IV. Law and Analysis

*A.     Whether the Prosecutor's Comment Violated Petitioner's Fifth Amendment Rights*

The Magistrate Judge found Petitioner's claim, that his Fifth Amendment rights were violated when the prosecutor made indirect reference to Petitioner's failure to testify, unavailing.[67] Petitioner objects to this determination arguing that the Magistrate Judge failed to recognize the violation of Petitioner's Fifth Amendment rights, because the Magistrate Judge employed an overly narrow interpretation of the Supreme Court's decision in *Griffin v. California* and failed to appreciate the true manifest intent and character of the prosecutor's comment.[68] Accordingly, the Court reviews this issue *de novo*.[69]

In *Griffin v. California*, the Supreme Court held that it is unconstitutional for a prosecutor to comment on a defendant's exercise of his Fifth Amendment rights.[70] There, the prosecutor made the following reference to the defendant's decision not to testify at trial: "[I]f anybody would know [the circumstances surrounding the murder], this defendant would know. [The victim] is dead, she can't tell you her side of the story. The defendant won't."[71] The Supreme Court determined that this comment violated the defendant's constitutional rights because "the Fifth Amendment . . .

---

[67] Rec. Doc. 14 at 23–28.

[68] Rec. Doc. 15 at 2–4. Petitioner does not object to the Magistrate Judge's determination that the question of whether the state trial court erred in its application of state law in failing to grant a mistrial is not cognizable on federal habeas review. Finding no plain error, the Court adopts this recommendation. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

[69] Fed. R. Civ. P. 72(b)(3).

[70] 380 U.S. 609, 615 (1965).

[71] *Id.* at 611.

11

forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."[72]

The Fifth Circuit has found that "the test for determining whether the prosecutor's remarks were constitutionally impermissible is: (1) whether the prosecutor's manifest intent was to comment on the defendant's silence or (2) whether the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence."[73] Furthermore, the Fifth Circuit has recognized that "[t]here is no manifest intent to comment on a defendant's failure to testify if there is another 'equally plausible' explanation for a prosecutor's remarks."[74] The Supreme Court has also cautioned that "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."[75]

In the instant case, the prosecutor made the following remark: "Also if you remember in opening statements, the defense counsel said that the defendant was being harassed by the police. If you are going to be harassed by the police—well first, he didn't show any of that."[76] A plain reading of the prosecutor's comment indicates that the comment was a general reference to the lack of evidence to support the claim made by Petitioner's counsel that Petitioner was being

---

[72] *Id.* at 615.

[73] *Rhoades v. Davis*, 852 F.3d 422, 432–433 (5th Cir. 2017) (quoting *United States v. Bohuchot*, 625 F.3d 892, 901 (5th Cir. 2010); *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996)).

[74] *Lee v. Michael*, 476 F. App'x 29, 31 (5th Cir. 2012) (citing *United States v. Collins*, 972 F.2d 1385, 1406 (5th Cir. 1992)).

[75] *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).

[76] State Rec., Vol. II of III, Trial Transcript at 32, Apr. 26, 2011.

harassed by the police. The prosecutor's comment made no direct reference to Petitioner's decision not to testify at trial. As the Fifth Circuit has held, where there is an equally plausible explanation for the prosecutor's remarks, there is no manifest intent to comment on the defendant's failure to testify.[77]

Moreover, the record does not establish that the jury necessarily took the prosecutor's remarks as a reference to Petitioner's decision not to testify. As the Fifth Circuit has recognized, the question is not whether a jury might possibly view the remark as commenting on the defendant's silence, but rather whether they would *necessarily* view it as such.[78] Reviewing the record, it is not clear, given the context of the prosecutor's remark, that the jury would necessarily construe the comment as one on Petitioner's decision not to testify at trial. The jury could have viewed the comment as a remark on defense counsel's failure to demonstrate a pattern of police harassment. Accordingly, on *de novo* review, the Court finds that Petitioner has not established that the prosecutor's comment violated his Fifth Amendment rights.

## B.  *Ineffective Assistance of Counsel Claims*

The Magistrate Judge found that Petitioner was not entitled to relief on his claims that his trial and appellate counsel were ineffective.[79] Petitioner objects, arguing that his appellate counsel should have raised the Fifth Amendment issue on appeal, because the prosecutor's comment was a violation of his Fifth Amendment rights.[80] Petitioner also contends that his trial counsel's failure

---

[77] *Lee*, 476 F.App'x at 31.

[78] *Grosz*, 76 F.3d at 1326.

[79] Rec. Doc. 14 at 28–41.

[80] Rec. Doc. 15 at 4–5.

to call witnesses or present a defense was severe enough as to violate Petitioner's constitutional rights.[81] Therefore, the Court reviews these issues *de novo*.[82]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[83] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[84] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[85] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[86] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[87] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[88] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[89]

---

[81] *Id.* at 5. Petitioner does not object to the Magistrate Judge's finding that trial counsel was not ineffective for denying Petitioner a right to testify on his own behalf. Finding no plain error, the Court adopts this recommendation.

[82] Fed. R. Civ. P. 72(b)(3).

[83] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[84] *Id.* at 697.

[85] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[86] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[87] *See Strickland*, 466 U.S. at 689.

[88] *Id*. at 694.

[89] *Id*.

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[90] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[91] Thus, this standard is considered "doubly deferential" on habeas corpus review.[92]

### 1. Appellate Counsel

To prevail on a claim that appellate counsel was ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation.[93] However, appellate counsel are not required to assert every non-frivolous issue to be found effective.[94] Rather, appellate counsel is entitled to legitimately select among non-frivolous claims based on his or her professional judgement as a means by which to increase the client's likelihood of success.[95] Furthermore, appellate counsel even has the discretion to exclude non-frivolous issues if they reasonably determine that the issue was unlikely to prevail.[96]

---

[90] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[91] *Id.*

[92] *Id.*

[93] *Briseno v. Cockrell*, 274 F.3d 204, 207 (2001); *Smith v. Robbins,* 528 U.S. 259, 285–86 (2000).

[94] *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

[95] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).

[96] *Anderson v. Quarterman*, 204 F.App'x 402, 410 (5th Cir. 2006).

Petitioner's appellate counsel filed an *Anders* brief asserting that there were no meritorious arguments to make on appeal.[97] In the *Anders* brief, appellate counsel mentioned trial counsel's objection to the prosecutor's comment during closing arguments; recognized that under Louisiana Code of Criminal Procedure article 770(3) admonishments and mistrials are only required when requested by trial counsel; noted trial counsel's failure to request an admonishment or mistrial; and cited state court precedent showing that a mistrial would not have been granted even if requested.[98]

Petitioner has not established that his appellate counsel was ineffective. Counsel did not fail to discover and assert the issue regarding the prosecutor's comment. Instead, appellate counsel reviewed the record and discerned that the issue was not meritorious. Petitioner has not demonstrated that his appellate counsel's decision not to raise this issue on appeal was objectively unreasonable or that but for her failure to raise the issue the result of the proceeding would have been different. Therefore, the state court's denial of relief on Petitioner's ineffective assistance of appellate counsel claim was not contrary to or an unreasonable application of Supreme Court law.

### 2. Trial Counsel

Ineffective assistance of counsel claims based on uncalled witnesses are disfavored on habeas review because the presentation of testimonial evidence constitutes trial strategy, and allegations as to the content of witnesses' testimony is largely speculative.[99] Conclusory assertions are insufficient to establish an ineffective assistance of counsel claim.[100] The Fifth Circuit has held

---

[97] State Rec., Vol. II of III, Anders/Jyles Brief with Attached Motion to Withdraw, Apr. 15, 2013.

[98] *Id.*

[99] *Bray v. Quarterman*, 265 F.App'x 296, 298 (5th Cir. 2008) (citing *US v. Cockrell*, 720 F.2d 1423 (5th Cir. 1983)).

[100] *Green*, 160 F.3d at 1042.

that to prevail on an ineffective assistance of counsel claim for uncalled witnesses, a petitioner must name the witnesses, prove that the witnesses would have been able to testify if called, describe the content of the witnesses' testimony, and demonstrate that the witnesses' testimony would have been favorable to a specific defense.[101] This showing is required for both "uncalled lay and expert witnesses alike."[102]

In *Day v. Quarterman*, the petitioner presented an affidavit from an uncalled expert witness that rebutted much of the medical expert testimony presented at trial.[103] However, the affidavit did not state that the uncalled witness "was available to testify at trial, that he would have done so, or that he would have testified in accord with the opinions and conclusions he states in his affidavit."[104] Therefore, the Fifth Circuit concluded that the petitioner had not shown that he was prejudiced by his counsel's failure to call the expert at trial.[105] Furthermore, in *Hooks v. Thaler*, the petitioner claimed that his trial counsel was ineffective for failing to call an expert witness.[106] However, the petitioner did not present any evidence to support his assertion that the witness was able or willing to testify at trial.[107] The Fifth Circuit held that in the absence of such evidence, the petitioner could not establish prejudice under *Strickland*.[108]

---

[101] *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

[102] *Id*.

[103] *Id.*

[104] *Id*.

[105] *Id.* at 538–35.

[106] 394 F. App'x 79, 83 (5th Cir. 2010).

[107] *Id*.

[108] *Id.*

17

Here, Petitioner claims that Ralph Lomax and Charlie Brown would have testified that there was no police chase before his arrest, that the police officers found nothing on him when he was searched, and that the officers discovered the bag of drugs in question several steps away from Petitioner.[109] Petitioner also claims that his mother and aunt should have been called to testify about how they were able to locate him at the time of his arrest and that there was no police chase prior to his arrest.[110] Petitioner's claims are unsupported as he presents no affidavits or other evidence demonstrating that these witnesses were available to testify, that they would have testified if called, or the content of their testimony if called. Petitioner merely makes the conclusory statement that their hypothetical testimony rendered it reasonably probable that the outcome of the trial would have been different. Therefore, Petitioner's claim that his trial counsel was deficient for failing to call witnesses is conclusory, and fails to establish that these witnesses were actually available and willing to testify at his trial. Accordingly, the state court's denial of relief on Petitioner's ineffective assistance of trial counsel claim was not contrary to or an unreasonable application of Supreme Court law.

## V. Conclusion

For the reasons stated above, the Court finds Petitioner has not established that the prosecutor's comment violated his Fifth Amendment rights. Moreover, Petitioner has not shown that the state court's denial of relief on his ineffective assistance of counsel claims was contrary to or an unreasonable application of federal law. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

---

[109] Rec. Doc. 3 at 10–11.

[110] *Id.* at 11–12.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Charlie Holmes's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 11th day of August, 2017.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**